J.S17044/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUSTIN NICHOLSON, | : | |
| | : | |
| Appellant | : | |
| | : | No. 1555 WDA 2015 |

Appeal from the PCRA Order September 24, 2015
in the Court of Common Pleas of Fayette County Criminal Division
at No(s): CP-26-CR-0002034-2007

BEFORE: GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED MARCH 11, 2016**

Appellant, Justin Nicholson, appeals from the order entered in the Fayette County Court of Common Pleas dismissing, as untimely, his first Post Conviction Relief Act[1] ("PCRA") petition. Appellant argues he received a mandatory minimum sentence that is unconstitutional under ***Alleyne v. U.S.***, 133 S. Ct. 2151 (2013). We affirm.

The relevant procedural history follows. On February 1, 2010, Appellant pleaded *nolo contendere* to robbery,[2] terroristic threats,[3] theft by

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 3701(a)(1)(ii).

[3] 18 Pa.C.S. § 2706(a)(1).

unlawful taking,[4] receiving stolen property,[5] simple assault,[6] and resisting arrest.[7]  On March 3, 2010, the trial court sentenced Appellant to an aggregate term of seven and one-half to fifteen years' incarceration.  The court informed Appellant, " [a] BB gun qualifies as a deadly weapon under 18 [Pa.S.C. §] 2301 and qualifies as a firearm for the mandatory sentencing purposes pursuant to 42 Pa.C.S.[ §] 9712(E)."  N.T. Sentencing Hr'g, 3/3/10, at 5-6.  Appellant did not file a direct appeal.

On March 27, 2015, Appellant filed a *pro se* PCRA petition.  The PCRA court appointed counsel, and counsel filed an amended petition on June 10, 2015, wherein Appellant argued, *inter alia*, his sentence was illegal in light of the United States Supreme Court's decision in **Alleyne** and this Court's decision in **Commonwealth v. Valentine**, 101 A.3d 801, (Pa. Super. 2014), *appeal denied*, 124 A.3d 309 (Pa. 2015).[8]  The PCRA court scheduled a video hearing on Appellant's amended petition for September 24, 2015, and dismissed the petition the same day.  PCRA Ct. Order, 9/24/15.

---

[4] 18 Pa.C.S. § 3921(a).

[5] 18 Pa.C.S. § 3925(a).

[6] 18 Pa.C.S. § 2701(a)(3).

[7] 18 Pa.C.S. § 5104.

[8] The Court in **Valentine** applied the principles of **Alleyne** and this Court's subsequent decisions and held Section 9712 is unconstitutional.  **See Valentine**, 101 A.3d at 812.

Appellant filed a timely notice of appeal and a court ordered Pa.R.A.P. 1925(b) statement. The PCRA court filed a responsive opinion.

On appeal, Appellant raises the following issue for our consideration.

> Whether the holding of the United States Supreme Court in **Alleyne** . . . applies retroactively on post-conviction review?

Appellant's Brief at 3.[9]

Appellant argues that **Alleyne** applies retroactively to petitioners on post-conviction review. *Id.* at 12. Appellant further contends, "requiring him to serve an illegal sentence is manifestly unfair" and in violation of his constitutional rights. *Id.* at 12-13. For the reasons that follow, we hold Appellant is not entitled to relief.

Our standard of review is well-settled:

> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. . . . [T]his Court reviews the PCRA court's legal conclusions *de novo*.

---

[9] Appellant also argues the PCRA court erred in determining he was not subject to a mandatory minimum sentence because he pleaded "guilty." Appellant's Brief at 3, 6. The certified record does not include a transcript of the PCRA hearing, and the PCRA court did not file an opinion at the time of its dismissal of Appellant's petition suggesting the mandatory minimum did not apply to Appellant. However, in its Rule 1925(a) opinion, the PCRA court noted Appellant was subject to the Section 9712 mandatory sentencing provision. PCRA Ct. Op., 10/19/15, at 1. At sentencing, the trial court also referred to Section 9712. N.T., 3/3/10, at 5-6. Therefore, the record does not support this claim, and we need not address it.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations omitted).

As a prefatory matter, "we must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court. . . . [W]hen 'a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition.'" ***Id.*** (citations omitted). The time for filing a PCRA is codified at 42 Pa.C.S. § 9545(b)(1):

> **(b) Time for filing the petition.—**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

This Court has considered whether *Alleyne* entitles an untimely PCRA petitioner to relief under Section 9545(b)(1)(iii):

> Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.

*Miller*, 102 A.3d at 995 (citations omitted).

Instantly, Appellant was sentenced on March 3, 2010, and he did not file a direct appeal. Therefore, his judgment of sentence became final on April 5, 2010,[10] and he had a year from that date to file a timely PCRA petition. *See* Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(1). Appellant filed his PCRA petition on March 27, 2015, and it is facially untimely. Appellant's position is that *Alleyne* applies retroactively, and Section 9545(b)(1)(iii) entitles him to PCRA relief. Appellant's Brief at 12. However, *Miller* held that *Alleyne* does not meet Section 9545(b)(1)(iii)'s exception to the time-bar. *Miller*, 102 A.3d at 995. Therefore, the PCRA court correctly dismissed Appellant's untimely PCRA petition, and we affirm. *See id.* at 992, 995.

---

[10] We note the 30th day following the imposition of sentence was Friday, April 2, 2010. The Superior Court was closed on that date in observance of Good Friday. Therefore, Appellant had until Monday, April 5, 2010 to file a timely appeal. *See* 1 Pa.C.S. § 1908.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/11/2016